[Crim. No. 1902. In Bank.—January 4, 1915.]

In Re LUIGI GAMBETTA, on Habeas Corpus.

CRIMINAL LAW—FAILURE OF FATHER TO PROVIDE FOR MINOR ILLEGITIMATE CHILD.—Section 270 of the Penal Code, as originally adopted, making it a felony for a parent to willfully omit to provide for a minor child, has no application to the father of illegitimate children and section 196a of the Civil Code, adopted in 1913, imposing the obligation on a father to support his illegitimate children, has not changed the application of section 270 of the Penal Code in any way.

APPLICATION for a Writ of Habeas Corpus directed to the sheriff of the City and County of San Francisco.

The petitioner, on August 19, 1914, was held to answer in the Police Court of the City and County of San Francisco for a violation of section 270 of the Penal Code, in omitting to provide for his minor child, and an information charging him with such felony had been filed against him in the Superior Court. The evidence had on the preliminary examination in the Police Court showed without conflict that the child in question was illegitimate; that the petitioner had never had its custody or control, as guardian or otherwise, and that the mother of the child, from the time of its birth, had had its exclusive custody and control, and had supported it. Section 196a of the Civil Code, adopted on May 12, 1913. (Stats. 1913, chap. 132), provided as follows: ''The father as well as the mother of an illegitimate child must give him support and education suitable to his circumstances. A civil suit to enforce such obligations may be maintained in behalf

of a minor illegitimate child, by his mother or guardian, and in such action the court shall have power to order and enforce performance thereof, the same as under sections 138, 139, and 140 of the Civil Code, in a suit for divorce by the wife.'' In this proceeding on *habeas corpus,* the petitioner sought to be discharged from custody, on the ground that the evidence adduced on his preliminary examination in the Police Court did not show that he had been guilty of any offense.

J. A. Gendotti, and C. J. Houston, for Petitioner.

C. M. Fickert, District Attorney, and George L. Bell, for Respondent.

THE CHIEF JUSTICE: (From the Bench)—The court is unanimously of the opinion that section 270 of the Penal Code, as originally adopted, has no application to the father of illegitimate children, and that section 196a of the Civil Code, relied on, does not change the application of that section in any way. The prisoner will be discharged from custody.